UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------
In re

    SUSAN MARINACCIO-AMSDEN,                     07-00172 B

                     Debtor                          <u>DECISION & ORDER</u>
------------------------------------------------------

                Thomas J. Gaffney, Esq.
                80 West Huron Street
                Buffalo, New York 14202
                Chapter 7 Trustee

                John D. Wieser, Esq.
                2350 North Forest Road, Suite 24B
                Getzville, NY 14068
                Attorney for the Debtor

Bucki, U.S.B.J.

        Susan Marinaccio-Amsden filed a petition for relief under chapter 7 of the Bankruptcy Code on January 13, 2007. When 45 days then passed without submission of all payment advices or other evidence of payment received from the debtor's employer during the sixty days prior to bankruptcy filing, the trustee moved to dismiss this case. The court granted that motion on April 3, pursuant to the authority of 11 U.S.C. § 521(i)(1). In the normal course of events, this case was then closed on April 23. One day later, the debtor filed the present motion to reopen the case, to allow the debtor to obtain a discharge. The trustee objects to this relief, primarily on the basis of untimeliness.

        Dismissal constitutes an event that is distinct from the subsequent closing of a case. In the present instance, the debtor's case was closed on the

twentieth day after its dismissal.  For the same reason, the reopening of this case will not necessarily cause its reinstatement for purposes of allowing the debtor ultimately to secure a discharge.  To obtain her desired outcome, therefore, the debtor must not only reopen the case, but must also obtain a reinstatement of the case from its dismissal.

Section 350(b) of the Bankruptcy Code provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."  Here, where the debtor seeks a discharge, this court may reopen the case, but only if the desired reinstatement can be accorded to the debtor.

The outcome of the present motion derives from the intersection of various Bankruptcy Rules.  Bankruptcy Rule 1017(f) states generally that "Rule 9014 governs a proceeding to dismiss or suspend a case."  Pursuant to subdivision (c) of Rule 9014, such proceedings are subject to Bankruptcy Rule 7054.  This latter section then adopts Rule 54(a) of the Federal Rules of Civil Procedure.  Rule 54(a) defines "judgment" to include "a decree and any order from which an appeal lies."  Thus, rules regarding judgments will govern an order of dismissal.  Subject to an exception not here relevant, Bankruptcy Rule 9023 provides that Rule 59 of the Federal Rules of Civil Procedure shall apply in cases under the Bankruptcy Code.  Pursuant to Rule 59(b), any request for reconsideration must be filed no later than ten days after the entry of a judgment.

In the present instance, reinstatement would necessarily involve a reconsideration of the April 3rd order of dismissal.  Accordingly, the April 3rd order serves as the judgment for which the debtor needed to seek reconsideration within ten days.  Instead, more than twenty days passed before she filed

her current motion on April 24.  Even if the court were to grant the debtor's motion to reopen the case, any opportunity to request reinstatement has lapsed.[1]  In this context, the reopening of the case would become an event without consequence or meaningful benefit to the debtor.  Thus, the court must deny the debtor's motion to reopen.

So ordered.

Dated:	Buffalo, New York				  /s/    CARL L. BUCKI
	August 23, 2007					         U.S.B.J.

---

[1] This is not to say that a more timely motion would necessarily have resulted in a reinstatement of the case.  At one time, the courts of this district had not yet addressed the issue of whether a case could be reinstated notwithstanding its automatic dismissal pursuant to 11 U.S.C. § 521(i).  That issue, however, has been recently addressed by the decision in *In re Bonner*, ___B.R.___, No. 07-02189CLB (Bankr. W.D.N.Y. Aug. 17, 2007).